U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

**FILED**

DEC - 5 2012

CLERK, U.S. DISTRICT COURT
By_____
                    Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| ROBERT LANCE MORRISON, | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | No. 4:12-CV-643-A |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal | § | |
| Justice, Correctional | § | |
| Institutions Division, | § | |
| | § | |
| Respondent. | § | |

## MEMORANDUM OPINION
### and
### ORDER

This is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 filed by petitioner, Robert Lance Morrison, a state prisoner incarcerated in Lovelady, Texas, against Rick Thaler, Director of the Texas Department of Criminal Justice, Correctional Institutions Division, respondent.  After having considered the pleadings, state court records, and relief sought by petitioner, the court has concluded that the petition should be dismissed as time-barred.

### I.  Factual and Procedural History

On November 8, 2005, a jury convicted petitioner of one count of aggravated sexual assault of a child under 14 years of age in the 213th District Court of Tarrant County, Texas,

petitioner pleaded true to habitual-offender allegations in the indictment, and the trial court assessed his punishment at life imprisonment. (State Habeas R. at 212-15[1]) Petitioner pursued direct review, culminating with the United States Supreme Court's denial of certiorari on January 7, 2008. *Morrison v. State*, 552 U.S. 1126 (2008); *Morrison v. State*, PDR No. 441-07; *Morrison v. State*, No. 2-05-443-CR, 2007 WL 614143 (Tex. App.–Fort Worth, pet. ref'd).

Petitioner also pursued state postconviction habeas relief to no avail. His state habeas application, filed on November 24, 2008, was denied without written order by the Texas Court of Criminal Appeals on the findings of the trial court on February 15, 2012. (State Habeas R. at cover, 2) This federal petition was filed on September 10, 2012,[2] wherein petitioner challenges his 2005 conviction on four grounds. (Pet. at 6-7-C) As ordered, respondent has filed a preliminary response and documentary exhibits addressing only the issue of limitations, to which petitioner filed "objections."

---

[1]"State Habeas R." refers to the court record of petitioner state habeas application no. WR-72,372-02.

[2]A pro se habeas petition is deemed filed when the petition is delivered to prison authorities for mailing. *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998).

## II.  Statute of Limitations

28 U.S.C. § 2244(d) imposes a one-year statute of limitations on federal petitions for writ of habeas corpus filed by state prisoners.  Section 2244(d) provides:

> (1)  A 1-year period of limitations shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitations period shall run from the latest of—
>
> > (A)  the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B)  the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C)  the date on which the constitutional right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> >
> > (D)  the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitations under this subsection.

28 U.S.C. § 2244(d)(1)-(2).

Under subsection (A), applicable to this case, the limitations period began to run on the date on which the judgment of conviction became final by the expiration of the time for seeking direct review.[3]  *Id.* § 2244(d)(1)(A).  Petitioner's 2005 conviction became final on January 7, 2008, the date certiorari was denied by the Supreme Court.  *Howland v. Quarterman*, 507 F.3d 840, 843 (5th Cir. 2007); *Giesberg v. Cockrell*, 288 F.3d 268, 271 (5th Cir. 2002).  Therefore, petitioner's federal petition was due on or before January 7, 2009, absent any tolling of the limitations period.

---

[3]Petitioner asserts the state court's failure to notify him of its denial of his state habeas application created an impediment to his filing a timely federal petition in an effort to trigger subsection (B) and interfered with his constitutional right to due process under the Fourteenth Amendment.  To satisfy subsection (B), a petitioner "must show that:  (1) he was prevented from filing a petition (2) by State action (3) in violation of the Constitution or federal law."  *Egerton v. Cockrell*, 334 F.3d 433, 436 (5th Cir. 2003).  The alleged lack of notice does not fall within the purview of a state-created impediment within the meaning of § 2244(d)(1)(B) because it did not prevent petitioner from filing a federal petition.  *See Billiot v. Thaler*, No. 4:10-CV-284-A, 2010 WL 2730635, at *2 (N.D.Tex. July 8, 2010).  Nor does petitioner cite to any legal authority, and the court has found none, that holds that the state's failure to notify an inmate of the disposition of a habeas application filed pursuant to state law violates the United States Constitution or federal law.  *See Green v. Dretke*, No. 3:02-CV-0395-D, 2004 WL 572358, at *3-4 (N.D.Tex. Mar.22, 2004), *report and recommendation adopted,* 2004 WL 941896 (N.D.Tex. Apr.30, 2004).

Petitioner's state habeas application filed on November 24, 2008, and denied on February 15, 2012, tolled the running of the federal period under § 2244(d)(2) for 1,178 days, making petitioner's federal petition due on or before March 30, 2012. Thus, this federal petition, filed on September 10, 2012, is untimely unless tolling as a matter of equity is warranted.

Equitable tolling is available when the petitioner is actively misled by the state about the cause of action or is prevented in some extraordinary way from asserting his rights. *Holland v. Florida*, 130 S. Ct. 2549, 2563-64 (2010); *Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998). It is an equitable modification that should be applied "sparingly." *Howland*, 507 F.3d 840 at 845. The habeas petitioner bears the burden of establishing that equitable tolling is warranted. *Holland*, 130 S. Ct. at 2565.

In an attempt to excuse his delay, petitioner asserts that he kept in constant contact, through his family, with each and every court as the proceedings progressed, that the Texas Court of Criminal Appeals failed to give him official notice when his state habeas application was denied, that he first learned of the state court's February 15 denial through his wife on September 5,

2012, after she contacted the state court, and that he immediately sent his federal petition five days later on September 10.  (Pet., Ex. A; Pet'r "Objections" at 1-2)

Lack of notice of state court rulings can justify equitable tolling in some instances, however the failure to notify is not, by itself, grounds for equitable tolling.  *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir.), *modified on reh'g*, 223 F.3d 797 (5th Cir. 2000).  Nor does a "garden variety claim of excusable neglect" support equitable tolling.  *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).  Courts must consider whether a petitioner acted with diligence both before and after receiving notification.  *Lewis v. Cockrell*, 275 F.3d 46, 2001 WL 1267701, at *3 (5th Cir. Oct. 15 2001).

Petitioner has not presented evidence that he was actively misled by the state in any way while pursuing state and federal habeas relief or that he diligently pursued habeas relief but was prevented by some extraordinary circumstance from doing so. Petitioner waited over ten months to file his state habeas application in state court and was aware, or should have been, that he would have to act with diligence and alacrity to file a timely federal petition if the state court denied the

application.  He then waited nearly seven months after the Texas
Court of Criminal Appeals denied that habeas application to file
the instant petition.  Although petitioner asserts he, through
his family, kept in contact with each and every court as the
proceedings progressed, he presents no evidence that he, in fact,
regularly sought status updates from the state court, or that he,
or a family member, could not have contacted the state court
sooner in order to learn the status of his state application.
*Compare Harding v. Quarterman*, 577 F.3d 596, 598-99 (5th Cir.
2009) (holding petitioner acted with due diligence by regularly
inquiring as to the status of his state habeas application and
acting expeditiously to file a federal petition after learning of
the state court's denial).  In short, the state court's denial of
his state habeas application could have been determined by
regular and diligent inquiry with the state court.  Petitioner's
delay in seeking state habeas relief and his failure to regularly
inquire into the status of his state application mitigate against
equitable tolling.  The court concludes equitable tolling is not
justified under the circumstances of this case.

Petitioner's federal petition was due on or before March 30,
2012.  His petition filed on September 10, 2012, is therefore

7

untimely.

For the reasons discussed herein,

The court ORDERS the petition of petitioner for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be, and is hereby, dismissed as time-barred.

Pursuant to Rule 22(b) of the Federal Rules of Appellate Procedure, Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Court, and 28 U.S.C. § 2253(c), for the reasons discussed herein, the court further ORDERS that a certificate of appealability be, and is hereby, denied, as petitioner has failed to show his petition to be timely and to make "a substantial showing of the denial of a federal right."

SIGNED December _____5_____, 2012.

_____
JOHN McBRYDE
UNITED STATES DISTRICT JUDGE